AUSA: Remy Grosbard

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

AMGAD ABDOU,

                Defendant.

**24 MAG 2883**

<u>**SEALED COMPLAINT**</u>

Violations of 15 U.S.C. § 645;
18 U.S.C. §§ 1343 and 2

COUNTY OF OFFENSE:
BRONX

SOUTHERN DISTRICT OF NEW YORK, ss.:

     Jason D. Xerri, being duly sworn, deposes and says that he is a Special Agent with the U.S. Small Business Administration ("SBA"), Office of the Inspector General ("OIG"), and charges as follows:

<u>**COUNT ONE**</u>
**(Wire Fraud)**

     1.    In or about August 2020, in the Southern District of New York and elsewhere, AMGAD ABDOU, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, ABDOU engaged in a scheme to fraudulently obtain funds from the SBA through the SBA's Economic Injury Disaster Loan ("EIDL") Program, and used the internet to submit a false and fraudulent loan application, to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Sections 1343 and 2.)

<u>**COUNT TWO**</u>
**(Making False Statements to the SBA)**

     2.    In or about August 2020, in the Southern District of New York and elsewhere, AMGAD ABDOU, the defendant, knowingly made a statement, knowing such statement to be false, for the purpose of obtaining for himself and for any application a loan, and extension thereof by renewal, deferment of action, and otherwise, and the acceptance, release, and substitution of security therefor, and for the purpose of influencing in any way the action of the SBA, and for the purposes of obtaining money, property, and a thing of value, under Chapter 14A of Title 15 of the United States Code, to wit, ABDOU made false statements regarding his criminal history and his gross revenues to the SBA in an EIDL application.

(Title 15, United States Code, Section 645(a);
and Title 18, United States Code, Section 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

3. I am a Special Agent with SBA-OIG. I have been personally involved in the investigation of this matter. I base this affidavit on that participation, my conversations with other law enforcement agents and other individuals, my examination of reports and records, and my training and experience. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part.

## Overview

1. In or about August 2020, AMGAD ABDOU, the defendant, engaged in a scheme to defraud the SBA and enrich himself, by applying for an EIDL as a sole proprietor providing property management services. ABDOU's EIDL application contained materially false representations about his criminal history and his gross revenues. Based on that fraudulent application, the SBA issued an EIDL to ABDOU in the amount of $498,000.

## The SBA's EIDL Program

2. Based on my training and experience, my review of SBA reports and records, and my communications with other SBA employees, I know that:

   a. The SBA is a federal agency that administers assistance to American small businesses. This assistance includes issuing certain loans, and guaranteeing loans issued by certain lenders, to qualifying small businesses. As relevant here, this assistance includes making direct loans to applicants through the EIDL program.

   b. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted on March 29, 2020, designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. Among other things, the CARES Act expanded the SBA's EIDL program, which provided small businesses with low-interest loans of up to $2 million prior to in or about March 2020, up to $500,000 between in or about March 2020 and in or about May 2020, up to $150,000 between in or about May 2020 and in or about April 2021, and up to $500,000 between in or about April 2021 and in or about September 8, 2021,[1] in order to provide vital economic support to help overcome the loss of revenue small businesses experienced due to COVID-19. These loans were made directly by the SBA.

   c. To qualify for an EIDL under the CARES Act, an applicant had to have suffered "substantial economic injury" from COVID-19, based on an actual economic injury determined by the SBA. EIDLs could only be used for certain specified purposes, such as for payroll and other similar costs, increased costs due to supply chain interruption, to pay obligations that could not be met due to revenue loss, and for other similar uses.

---

[1] Loans in process when the new loan limits were implemented in April 2021 were automatically considered for loans covering economic injury up to $500,000.

d.  Individuals were permitted to submit EIDL applications electronically through the SBA's website, which recorded various information about the application and applicant. Applicants received email notifications at various points in the application process, including, if applicable, when the SBA extended an offer and when the SBA approved the loan.

### ABDOU's Fraudulent EIDL Application

3.  Based on my review of SBA records and reports, I have learned, among other things, the following:

a.  On or about August 10, 2020, AMGAD ABDOU, the defendant, submitted an EIDL application to SBA, seeking an EIDL as a "Sole-Proprietorship" engaged in "Property Management/Realty" business activity (the "ABDOU EIDL Application").

b.  Based on my review of the ABDOU EIDL Application and publicly available internet protocol ("IP") lookup tools, I know that the IP address used to submit the ABDOU EIDL Application resolves to a location in White Plains, New York. Based on my review of SBA reports and records, I know that, in or about August 2020, the SBA received EIDL applications electronically in servers located outside of New York.

c.  The ABDOU EIDL Application listed certain of ABDOU's personal information, including a particular cellphone number, address, and social security number—all of which match New York Department of Labor ("NYS DOL") records for ABDOU. The ABDOU EIDL Application also listed ABDOU's birth date. Based on my review of law enforcement records, I know that the social security number and birth date listed in the ABDOU EIDL Application is ABDOU's social security number and birth date.

4.  Based on my review of SBA records and reports, as well as publicly available court documents, I believe that the ABDOU EIDL Application contained the following materially false statements:

a.  In completing the ABDOU EIDL Application, AMGAD ABDOU, the defendant, answered "no" to the following question: "Within the last 5 years, for any felony, have you ever been convicted, plead guilty, plead nolo contendere, been placed on pretrial diversion, or been placed on any more of parole or probation (including probation before judgement)?" Based on my review of publicly available court documents, I have learned that, on or about March 19, 2018, ABDOU was convicted in the United States District Court for the Southern District of New York of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), a felony punishable by imprisonment for more than one year.

b.  In the ABDOU EIDL Application, for the 12 months prior to January 31, 2020, ABDOU reported his "Gross Revenues" as $675,000 and "Costs of Goods Sold" as $270,000. Based on my training and experience, I know that, at the time ABDOU applied for his loan, the SBA determined the amount of a loan to fund by taking the difference between "Gross Revenue" and "Cost of Goods Sold" and multiplying that number by two. For the following reasons, among others, I have concluded the ABDOU EIDL Application significantly overstated ABDOU's "Gross Revenues":

     i. Based on ABDOU's criminal history records, I know that ABDOU was imprisoned from May 24, 2018 to May 8, 2020. This includes the entire period for the 12 months prior to January 31, 2020—*i.e.*, the period in which ABDOU reported having $675,000 in Gross Revenue from his "Sole Proprietorship" engaged in "Property Management/Realty" in the ABDOU EIDL Application.

     ii. Based on documents I have obtained from the NYS DOL, I have learned, among other things, that ABDOU filed for unemployment benefits on or about April 3, 2020. In his application for unemployment benefits, ABDOU stated that he was employed as a "Manager" in a "Warehouse" by a company named Capstone 1 Inc., from January 11, 2020, through February 29, 2020, even though ABDOU was imprisoned for this entire period of time. ABDOU's application for unemployment benefits also self-reported that ABDOU received $7,000 in wages for each of the first, second, and third quarters of 2019. ABDOU's application for unemployment benefits did not reflect the wages he received for the fourth quarter of 2019. ABDOU's application for unemployment benefits stated that ABDOU had no other "business income."

  5. Based on my review of records, I have learned that the ABDOU EIDL Application directed the loan payment to be sent to a certain account in the name of "Amgad Abdou" (the "ABDOU Checking Account") at a certain financial institution (the "Financial Institution").

  6. Based on my communications with the Financial Institution, I know that the ABDOU Checking Account is located in the Southern District of New York. Based on my training and experience, I know that the SBA's bank accounts are located outside of New York.

  7. Based on my review of SBA records, I know that on or about October 10, 2021, the SBA approved the ABDOU EIDL Application and a loan in the amount of $498,000.

  8. Based on my review of SBA records, I know that on or about October 10, 2021, ABDOU electronically signed the SBA's loan agreement to receive $498,000 (the "SBA Loan Agreement").

  9. From my review of from the Financial Institution, I know that, on or about October 15, 2021, the ABDOU Checking Account received a deposit from the SBA in the amount of $497,900. Just before this deposit, the ABDOU Checking Account had a balance of approximately $3.99.

  10. Based on my review of the SBA Loan Agreement, I know that the associated loan proceeds were required to be used "as working capital to alleviate economic injury caused by disaster occurring in the month of January 31, 2020 and continuing thereafter and for loans of more than $25,000 to pay Uniform Commercial Code (UCC) lien filing fees and a third-party UCC handling charge of $100 which will be deducted from the Loan amount stated above."

  11. From my review of records from the Financial Institution, I know that AMGAD ABDOU, the defendant, did not use the proceeds of the SBA loan for working capital; instead, he used the proceeds for personal expenses. For example, ABDOU made approximately $20,000 worth of purchases from Amazon; approximately $15,000 worth of purchases from eBay, approximately $2,000 worth of purchases from Uber, payments on his home mortgage, as well as numerous purchases from jewelry and gold companies and pawn shops, including a $1,700

purchase from a pawn shop located in the Bronx, New York. Based on my review of records from the Financial Institution, I also know that ABDOU withdrew proceeds from the SBA loan at ATM machines located in the Bronx, New York.

    WHEREFORE, I respectfully request that a warrant be issued for the arrest of AMGAD ABDOU, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

_____
JASON D. XERRI
Special Agent
U.S. Small Business Association,
Office of the Inspector General

Sworn to before me,
this 8th day of August, 2024.

_____
THE HONORABLE JENNIFER E. WILLIS
United States Magistrate Judge
Southern District of New York